Ivin Amarildo Navarro **GUZMAN**;
Dilbia Arcely De Navarro
Perez, Petitioners,

v.

Eric H. **HOLDER**, Jr., Attorney
General, Respondent.

No. 10–73669.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 22, 2013.

Sean Young, Sean P. Young Law, Layton, UT, for Petitioners.

Marshall Tamor Golding, Esquire, Oil, U.S. Department Of Justice, Washington, DC, Chief Counsel Ice, Office Of The Chief Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

### MEMORANDUM **

Ivin Amarildo Navarro Guzman and Dilbia Arcely De Navarro Perez, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Holder,* 597 F.3d 983, 986 (9th Cir.2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed more than eleven years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and the BIA considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for relief from deportation. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *Mendez–Gutierrez v. Gonzales,* 444 F.3d 1168, 1172 (9th Cir.2006) ("vague and conclusory allegations" insufficient to establish prima facie eligibility).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.